IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLOS ORTIZ, | § | |
| | § | |
| Defendant Below, | § | No. 590, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0208005710 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 26, 2018
Decided: February 1, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant Carlos Ortiz's opening brief, the appellee's motion to affirm,[1] and the record on appeal, we conclude that the Superior Court's denial of Ortiz's tenth motion for postconviction relief should be affirmed. Although Ortiz had until January 15, 2007 (not February 15, 2004 as the Superior Court stated) to file a timely motion for postconviction relief,[2] he filed his tenth motion on October 15, 2018, more than eleven years too late. Ortiz's motion was

---

[1] Ortiz's request for permission to respond to the motion to affirm is denied. Under Supreme Court Rule 25(a)(iii), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

[2] *See Ortiz v. State*, 2015 WL 4738026, at *1 (Del. Super. Ct. Aug. 5, 2015) (recognizing that convictions that became final before July 1, 2005 were subject to three-year limitation, Ortiz's convictions became final on January 15, 2004, and Ortiz had until January 15, 2007 to file a timely postconviction motion), *aff'd*, *Ortiz v. State*, 2015 WL 6783158 (Del. Nov. 5, 2015).

procedurally barred and did not satisfy the pleading requirements of Superior Court Criminal Rule 61(d)(2) for the reasons stated by the Superior Court. We warn Ortiz that if he continues to file appeals from the denial of his untimely and repetitive motions in the Superior Court, he will be enjoined from filing such appeals in this Court without leave of the Court.[3] Ortiz should also be mindful of Rule 61(j).[4]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *See, e.g.*, *Biggins v. State*, 2011 WL 2731214, at *1 (Del. July 11, 2011).

[4] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").